**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JAN 05 2026

MITCHELL R. ELFERS
CLERK OF COURT

26 cv 11 JB-DLM

UNITED STATES DISTRICT COURT DISTRICT OF NEW MEXICO

KEVIN DALE KERST,
Plaintiff,

v. Case No. _____

MICHELLE LUJAN GRISHAM, in her official capacity as Governor of the State of New Mexico;

RAÚL TORREZ, in his official capacity as Attorney General of the State of New Mexico;

JASON R. BOWIE, in his official capacity as Secretary of the New Mexico Department of Public Safety;

ANGIE CORMIER, in her official and individual capacities;

JOAN WATERS, in her official and individual capacities;

MATTHEW CHAVEZ, in his individual capacity;

HERBERT STRASSBERG, in his official and individual capacities;

JENNIFER MORFIN, in her individual capacity;

AND JOHN/JANE DOES 1–10,

Defendants.

VERIFIED COMPLAINT (Declaratory, Injunctive, and Monetary Relief)

I. INTRODUCTION AND NATURE OF THE ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress ongoing and completed violations of Plaintiff's rights under the Second Amendment, the First Amendment, the Fourteenth Amendment, and Article IV of the United States Constitution.

2. This action challenges the revocation and continued non-restoration of Plaintiff's New Mexico concealed-carry license through an administrative process that is structurally biased, procedurally defective, and incapable of adjudicating federal constitutional claims.

3. Defendants revoked Plaintiff's vested concealed-carry license and have continued to treat Plaintiff as prohibited from carrying firearms without identifying any valid, disqualifying conviction under federal law, despite clear judicial records establishing Plaintiff's nonprohibited status.

4. Defendants have administered and enforced New Mexico's concealed-carry licensing framework through an unconstitutional methodology that excludes constitutional review, suppresses exculpatory evidence, and permits arbitrary enforcement untethered to any defined statutory disqualifier.

5. Plaintiff has endured more than eight hundred seventy days of administrative delay, evidentiary ambush, undisclosed proceedings conducted without notice, retaliatory escalation following protected activity, and the destruction of Plaintiff-owned evidence after a formal preservation notice.

6. In parallel, Defendants have withheld Plaintiff's own records through intentional delay under the New Mexico Inspection of Public Records Act, creating an informational blackout and a physical and temporal impossibility for Plaintiff to prepare a defense in advance of an imminent administrative hearing.

7. The administrative forum Defendants seek to employ lacks neutrality, lacks authority to adjudicate federal constitutional claims, and has been used to manufacture a post hoc record designed to insulate unconstitutional conduct from judicial review.

8. Plaintiff brings both as-applied and facial challenges. As applied, Defendants' conduct has deprived Plaintiff of a vested property interest and fundamental constitutional rights without due process of law. Facially, Defendants continue to enforce a concealed-carry licensing framework that authorizes unconstitutional outcomes for all similarly situated persons.

9. Plaintiff seeks declaratory and injunctive relief to halt an administrative hearing scheduled for January 6, 2026, which, if permitted to proceed, will irreparably prejudice Plaintiff, further contaminate the administrative record, and impair this Court's ability to provide meaningful federal review.

10. Plaintiff also seeks damages against Defendants sued in their individual capacities for completed constitutional violations, including deprivation of liberty and property interests, retaliation for protected activity, and spoliation of evidence.

11. The emergency giving rise to this action was created by Defendants, not Plaintiff. Plaintiff repeatedly provided the same core evidentiary record through hand delivery,

certified mail, and on-the-record references, only to have it ignored, procedurally excluded, withheld, or destroyed.

12. This federal action is the first forum in which a neutral adjudicator will consider the full evidentiary record, Defendants' record-handling conduct, and the constitutionality of the system itself.

## II. PARTIES

13. Plaintiff Kevin Dale Kerst is a resident of New Mexico. Plaintiff is a federally vetted, law-abiding firearms owner who is not prohibited under federal law from possessing or carrying firearms.

14. Plaintiff holds a valid Federal Firearms License, has been approved through the FBI Voluntary Appeal File and issued a Unique Personal Identification Number, and holds valid concealed-carry licenses issued by multiple states.

15. Defendant Michelle Lujan Grisham is the Governor of the State of New Mexico and is sued in her official capacity for prospective declaratory and injunctive relief.

16. Defendant Raúl Torrez is the Attorney General of the State of New Mexico and is sued in his official capacity as the State's chief legal officer responsible for the legal standards applied by state agencies.

17. Defendant Jason R. Bowie is the Secretary of the New Mexico Department of Public Safety and is sued in his official capacity only. He is the final policymaker responsible for concealed-carry licensing decisions and enforcement of departmental practices.

18. Defendant Angie Cormier is a supervisor within the New Mexico Department of Public Safety and is sued in her official and individual capacities for her role in enforcing revocation decisions, controlling record production, and delaying access to Plaintiff's records.

19. Defendant Joan Waters is an attorney for the New Mexico Department of Public Safety and is sued in her official and individual capacities for her role in legal strategy, evidentiary handling, and communications regarding Plaintiff's licensure status.

20. Defendant Matthew Chavez is sued in his individual capacity only for non-judicial acts performed during his tenure with the New Mexico Department of Public Safety, prior to any judicial appointment.

21. Defendant Herbert Strassberg is sued in his official and individual capacities for maintaining and enforcing a structurally biased administrative process.

22. Defendant Jennifer Morfin is sued in her individual capacity for her personal participation in retaliatory evidentiary escalation and record handling.

23. Defendants John and Jane Does 1 through 10 are unknown employees or agents who participated in the conduct alleged herein and will be substituted when identified through discovery.

## III. JURISDICTION, VENUE, AND JUSTICIABILITY

24. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Constitution and laws of the United States, including the Second Amendment, the First Amendment, the Fourteenth Amendment, Article IV of the United States Constitution, and 42 U.S.C. § 1983.

25. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and (a)(4) because Plaintiff seeks redress for the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and laws of the United States.

26. Plaintiff seeks prospective declaratory and injunctive relief against state officials in their official capacities to halt ongoing violations of federal law, and seeks damages against certain Defendants in their individual capacities for completed constitutional violations.

27. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the State of New Mexico.

28. This action presents a live case or controversy within the meaning of Article III of the United States Constitution. Plaintiff faces ongoing and imminent injury, including a scheduled administrative hearing on January 6, 2026, that threatens further deprivation of constitutional rights.

29. Plaintiff's injuries are concrete, particularized, and actual or imminent. The relief sought will redress those injuries by halting unconstitutional proceedings and preventing further harm.

## IV. THIS ACTION IS NOT BARRED BY ANY JURISDICTIONAL OR PRUDENTIAL DOCTRINE

30. Abstention under Younger v. Harris does not apply because the administrative proceeding Defendants seek to conduct is not an adequate or neutral forum for adjudicating Plaintiff's federal constitutional claims.

31. Defendants' administrative hearing officers lack authority to adjudicate the constitutionality of the statutes, policies, and practices they are charged with enforcing,

    and constitutional objections are treated as procedural tactics rather than enforceable rights.

32. Defendants have engaged in bad faith administration, including prolonged delay exceeding eight hundred seventy days, evidentiary ambush, undisclosed proceedings conducted without notice, retaliatory escalation following protected activity, destruction of Plaintiff-owned evidence after a formal preservation notice, and intentional record gatekeeping.

33. Defendants further withheld Plaintiff's own records by issuing a unilateral extension under the New Mexico Inspection of Public Records Act that delays production until after the January 6, 2026 hearing, ensuring Plaintiff cannot meaningfully prepare a defense.

34. These facts establish bad faith, futility, and extraordinary circumstances, each of which independently precludes abstention.

35. Allowing the January 6, 2026 administrative hearing to proceed would irreparably prejudice Plaintiff by enabling Defendants to manufacture a post hoc administrative record through a structurally defective forum, thereby impairing this Court's jurisdiction and the availability of meaningful federal review.

36. Plaintiff does not seek appellate review, reversal, or modification of any state-court judgment.

37. Plaintiff challenges ongoing executive and administrative conduct by state officials and seeks prospective relief to halt future constitutional violations.

38. Accordingly, the Rooker-Feldman doctrine does not bar this action.

39. Exhaustion of state administrative remedies is not required for claims brought under 42 U.S.C. § 1983.

40. Even if exhaustion were required, it would be futile because Defendants' administrative process is structurally incapable of adjudicating federal constitutional claims and has already operated without notice, without neutrality, without preservation of evidence, and with intentional record gatekeeping.

41. The January 6, 2026 administrative hearing is not a meaningful opportunity for relief, but a coercive continuation of an unconstitutional process.

42. Plaintiff does not seek damages against the State of New Mexico or any state agency.

43. Plaintiff seeks only prospective declaratory and injunctive relief against state officials in their official capacities and damages against certain Defendants in their individual capacities.

44. This action therefore falls within the Ex parte Young exception to Eleventh Amendment immunity.

45. Defendants' enforcement of New Mexico's concealed-carry licensing framework presents questions of federal constitutional law.

46. Federal constitutional questions are reviewed de novo, and no deference is owed to agency interpretations or administrative practices that conflict with controlling Supreme Court precedent.

47. This Court has jurisdiction to adjudicate Plaintiff's claims, to enjoin the January 6, 2026 administrative hearing, and to grant full declaratory and injunctive relief necessary to prevent irreparable harm.

## V. FACTUAL ALLEGATIONS

### A. Plaintiff's Lawful Status and Federal Vetting

48. Plaintiff is a federally vetted, law-abiding firearms owner who is not prohibited under federal law from possessing or carrying firearms.

49. Plaintiff holds a valid Federal Firearms License and has been approved through the FBI Voluntary Appeal File, resulting in the issuance of a Unique Personal Identification Number confirming his non-prohibited status.

50. Plaintiff also holds valid concealed-carry licenses issued by multiple states, each requiring extensive background investigation and verification of eligibility under federal law.

### B. Issuance of License and Revocation Without Due Process

51. Plaintiff lawfully applied for and was issued a New Mexico concealed-carry license, creating a vested property interest protected by the Fourteenth Amendment.

52. Defendants thereafter revoked Plaintiff's license and have continued to deny restoration without identifying any valid, disqualifying conviction under federal law.

53. Despite Plaintiff's repeated requests, Defendants have never articulated a lawful statutory basis establishing that Plaintiff is prohibited from possessing or carrying firearms.

C. Coercive Waiver and Constitutional Defiance at the October 22, 2024 Hearing

54. On October 22, 2024, Defendants convened an administrative hearing concerning Plaintiff's license.

55. Defendants required Plaintiff to execute a written civil-liability waiver as a mandatory condition of proceeding with the hearing.

56. Plaintiff was informed that refusal to sign the waiver would result in termination of the proceeding, effectively denying any administrative process.

57. Plaintiff executed the waiver under duress to avoid forfeiture of the hearing.

58. During the proceeding, when Plaintiff asked whether the hearing examiner would uphold the United States Constitution, the examiner refused to affirm any constitutional obligation and stated that he was bound only by agency rules.

D. Prolonged Administrative Delay

59. Following revocation of his license, Plaintiff timely requested administrative review.

60. Plaintiff then endured more than eight hundred seventy days of delay without a final adjudication.

E. The July 22, 2025 Hearing: Evidence Ambush and Structural Bias

61. On July 22, 2025, Defendants convened another administrative hearing.

62. Defendants provided Plaintiff with their evidentiary materials on the morning of the hearing, despite acknowledging that their ordinary practice is to provide evidence approximately one week in advance.

63. Plaintiff objected to the lack of advance notice and inability to meaningfully respond.

64. The hearing examiner dismissed Plaintiff's objection and declined to enforce basic procedural fairness.

65. Plaintiff was prepared to introduce a California Superior Court order dated June 20, 2025 clarifying that Plaintiff's prior California matter did not constitute a disqualifying conviction.

66. Before Plaintiff could introduce the order into the record, Defendants moved for a continuance, which the hearing examiner immediately granted.

67. On or about November 4, 2025, Defendants conducted an administrative or evidentiary proceeding affecting Plaintiff's license without providing Plaintiff notice or an opportunity to attend.

68. Plaintiff learned of this proceeding only through Defendants' later disclosures

69. Plaintiff submitted Inspection of Public Records Act requests seeking records necessary to prepare for the January 6, 2026 hearing.

70. Defendant Angie Cormier issued a thirty-day extension delaying production of those records until after the scheduled hearing.

71. Plaintiff previously provided Defendants with a comprehensive Summary of Evidence binder, which constituted Plaintiff's personal property and contained original certified court documents and unique annotations.

72. After Plaintiff issued a preservation notice, Defendants disclosed that the binder had been destroyed.

73. The combined destruction of Plaintiff's binder and delay of official records created a physical and temporal impossibility for Plaintiff to prepare a defense.

## VI. CLAIMS FOR RELIEF

### COUNT I – SECOND AMENDMENT
(As-Applied and Facial Challenge)

74. Plaintiff realleges and incorporates by reference paragraphs 1 through 73 as if fully set forth herein.

75. The Second Amendment protects the right of law-abiding citizens to keep and bear arms, and that right is fully applicable to the States through the Fourteenth Amendment.

76. Defendants revoked and continue to deny restoration of Plaintiff's concealed-carry license despite Plaintiff's non-prohibited status under federal law.

77. Defendants have failed to identify any valid disqualifying conviction or lawful statutory basis for treating Plaintiff as prohibited.

78. Defendants suppressed or excluded exculpatory judicial records, relied on procedurally defective hearings, and continued enforcement under pre-Bruen interest-balancing methodologies.

79. Defendants' conduct imposes an unconstitutional burden on the right to bear arms as applied to Plaintiff and on its face.

## COUNT II – FOURTEENTH AMENDMENT
(Procedural Due Process)

80. Plaintiff realleges and incorporates by reference paragraphs 1 through 73 as if fully set forth herein.

81. Plaintiff possessed a vested property interest in his issued concealed-carry license.

82. Defendants deprived Plaintiff of that interest without constitutionally adequate process, including lack of notice, neutral adjudication, and meaningful opportunity to be heard.

83. Defendants conditioned access to hearings on coercive waivers and denied review of constitutional claims.

## COUNT III – FIRST AMENDMENT
(Retaliation)

84. Plaintiff realleges and incorporates by reference paragraphs 1 through 73 as if fully set forth herein.

85. Plaintiff engaged in protected activity by submitting evidence and objecting to unconstitutional procedures.

86. Defendants escalated adverse actions shortly thereafter, including evidentiary ambush and retaliatory scheduling.

## COUNT IV – FULL FAITH AND CREDIT
(Article IV)

87. Plaintiff realleges and incorporates by reference paragraphs 1 through 73 as if fully set forth herein.

88. Defendants failed to give effect to binding judicial determinations from sister states establishing Plaintiff's non-prohibited status.

## VII. PROCEDURAL AND EQUITABLE RELIEF

89. Plaintiff seeks an immediate temporary restraining order enjoining Defendants from conducting or giving effect to the administrative hearing scheduled for January 6, 2026.

90. Plaintiff seeks a preliminary and permanent injunction prohibiting Defendants from enforcing the revocation of Plaintiff's concealed-carry license absent identification of a lawful disqualifying conviction.

91. Plaintiff seeks declaratory relief that Defendants' concealed-carry licensing practices and interpretive methodologies are unconstitutional as applied to Plaintiff.

92. Plaintiff further seeks declaratory relief that the New Mexico concealed-carry licensing framework is unconstitutional on its face for reliance on discretionary or interestbalancing methodologies rejected by controlling Supreme Court precedent.

93. Plaintiff seeks a permanent injunction prohibiting Defendants from enforcing the unconstitutional framework against Plaintiff or any similarly situated persons.

94. Plaintiff seeks an order requiring Defendants to preserve all remaining records, communications, and metadata relating to Plaintiff's licensure and administrative proceedings.

95. Plaintiff seeks appropriate spoliation remedies arising from destruction of Plaintiff-owned evidence after a preservation notice.

96. Plaintiff seeks compensatory damages against Defendants sued in their individual capacities for completed constitutional violations.

97. Plaintiff seeks nominal damages to vindicate violations of constitutional rights.

98. Plaintiff seeks punitive damages where Defendants acted willfully, maliciously, or with reckless disregard for Plaintiff's rights.

IX. JURY DEMAND

99. Plaintiff demands a trial by jury on all issues so triable.

X. VERIFICATION

I, Kevin Dale Kerst, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 3nd day of January, 2026.

Kevin Dale Kerst
Plaintiff, Pro Se

P.O. Box 144
Whites City, NM 88268

Phone: (575) 499-8338
Email: roadrescue11@gmail.com