IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN DALE KERST,

    Plaintiff,

v.        No. 2:26-cv-0011 JB/DLM

MICHELLE LUJAN GRISHAM, RAUL
TORREZ, JASON R. BOWIE, ANGIE
CORMIER, JOAN WATERS, MATTHEW
CHAVEZ, HERBERT STRASSBERG,
JENNIFER MORFIN, and JOHN/JANE
DOES 1-10,

    Defendants.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** is before the Court on *pro se* Plaintiff's Verified Complaint and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 1–2.)

**I.    Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for

the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed a declaration stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff has been out of work since March 2019 and has $0.00 income from pay/wages; (ii) Plaintiff's wife's monthly income is $994.00; (iii) Plaintiff has $261.67 in cash or in a bank account; and (iii) Plaintiff's monthly expenses, not including food, total $664.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed a declaration stating he is unable to pay the costs of this proceeding and his monthly expenses are approximately equal to his and his wife's low monthly income.

## II. Order for Amended Complaint

This case arises from "the revocation and continued non-restoration of Plaintiff's New Mexico concealed-carry license." (Doc. 1 at 2.) Plaintiff alleges:

> Defendants have engaged in bad faith administration, including prolonged delay exceeding eight hundred seventy days, evidentiary ambush, undisclosed proceedings conducted without notice, retaliatory escalation following protected activity, destruction of Plaintiff-owned evidence after a formal preservation notice, and intentional record gatekeeping.

(Doc. 1 at 5.) "Plaintiff seeks only prospective declaratory and injunctive relief against state officials in their official capacities and damages against certain Defendants in their individual capacities" including, among other things, "a preliminary and permanent injunction prohibiting Defendants from enforcing the revocation of Plaintiff's concealed-carry license absent identification of a lawful disqualifying conviction." (Doc. 1 at 6, 10.)

The Complaint fails to state a claim against Defendants because it does not explain what each Defendant did to Plaintiff. *See* 28 U.S.C. § 1915(e)2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim"). "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). The Complaint identifies each Defendant's title and gives a short vague statement of each Defendant's "role" but does not clearly describe each Defendant's actions giving rise to this case. (*See* Doc. 1 at 3–4 (identifying the Parties to this case).) With few exceptions, the factual allegations refer to "Defendants" collectively, not to each individual Defendant. (*See id.* at 6–8.)

The Court orders Plaintiff to file an amended complaint. *See Lowrey v. Sandoval Cnty. Children Youth & Families Dep't*, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)). The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

### III. Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will address service after Plaintiff files an amended complaint.

**IV.     Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**V.     Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 5, 2026, is **GRANTED.**

(ii) Plaintiff shall, within **21 days** of entry of this Order file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE