**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KEVIN DALE KERST,

       Plaintiff,

v.                                       No. 2:26-cv-0011 JB/DLM

MICHELLE LUJAN GRISHAM,
RAUL TORREZ,
JASON R. BOWIE,
ANGIE CORMIER,
JOAN WATERS,
MATTHEW CHAVEZ,
HERBERT STRASSBERG,
JENNIFER MORFIN and
JOHN/JANE DOES 1-10,

       Defendants.

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

*Pro se* Plaintiff filed a Motion for Appointment of Counsel on the grounds that he is indigent and cannot afford counsel, he has made good-faith efforts to obtain counsel, his claims are substantial and nonfrivolous, the factual record is extensive, the legal issues are complex, and Plaintiff has no formal legal training and limited resources.  (*See* Docs. 21; 23.)

"[C]ivil litigants have no right to counsel . . . ." *Witmer v. Grady Cnty. Jail*, 483 F. App'x 458, 462 (10th Cir. 2012).  The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis[,]" *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citation omitted), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298

(1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1).  Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.

The Tenth Circuit confirms that the Court does not have authority to appoint counsel, only to *ask. Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (citation omitted). In deciding whether a Court acted within its discretion in denying a motion to appoint counsel, the Court "consider[s] the merits of the claims, the nature of the claims, [the claimant's] ability to present the claims, and the complexity of the issues." *Id.* (quotation omitted). In *Moaz*, the Tenth Circuit observed:

> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants like [Mr. Moaz]. But the dilemma was not the district court's fault; that dilemma was the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Id.* (quotation omitted).

Plaintiff states the legal issues in this case are complex because:

This case involves:

> revocation versus denial;
> protected property interest;
> procedural due process;
> second Amendment analysis;
> interpretation of 18 U.S.C. § 921(a)(20);
> interpretation of NMSA § 31-29-9;
> qualified immunity;

2

> sovereign immunity;
> official versus individual capacity; and
> facial and as-applied constitutional claims.

(Doc. 21 at 3.) He argues that "[t]hese issues require substantial legal research and knowledge of federal procedure." (*Id.*)

The Court denies Plaintiff's motion to appoint counsel because the Court does not have the authority to appoint counsel. The Court also declines to request legal representation for Plaintiff. It appears that Plaintiff is sufficiently able to present his claims.  For example, Plaintiff has shown in his Complaint and his Motion to Appoint Counsel that he can do legal research, identify the relevant legal standards and clearly present his arguments to the Court.  (*See* Docs. 1; 21.)  As to Plaintiff's argument that the issues in this case require knowledge of federal procedure, the Court has previously notified Plaintiff:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

(Doc. 10 (citation omitted).)  The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.  *See Guide for Pro Se Litigants*, https://www.nmd.uscourts.gov/sites/nmd/files/ProSePackage.pdf.

Plaintiff also asks the Court to stay deadlines in this case "pending resolution of Plaintiff's Motion for Appointment of Counsel." (*See* Doc. 22.) The Court denies Plaintiff's motion to stay deadlines because the Court is denying Plaintiff's Motion for Appointment of Counsel.

**IT IS THEREFORE ORDERED** that:

(i)     Plaintiff's Motion for Appointment of Counsel (Doc. 21) is **DENIED.**

(ii)     Plaintiff's Motion to Stay Deadlines Pending Appointment of Counsel (Doc. 22) is

         **DENIED.**

(iii)    Plaintiff's Motion to Extend Time to File Amended Complaint and for Leave to File

         Amended Complaint After Appointment of Counsel (Doc. 25) is **DENIED AS**

         **MOOT**.


_____

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE