**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**KEVIN DALE KERST,**

    Plaintiff,

v.                                          CIV-26-00011 JB/DLM

**MICHELLE LUJAN GRISHAM, et al.,**

    Defendants.

**MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY PENDING THE COURT'S DISPOSITION
OF DEFENDANT CHAVEZ'S MOTION TO DISMISS PLAINTIFF'S
VERIFIED AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE
AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL BASED ON THE
<u>APPLICATION OF QUALIFIED IMMUNITY</u>**

Defendant, Matthew Chavez, through his attorney Robles, Rael and Anaya, P.C. (Luis

Robles) and pursuant to Fed.R.Civ.P. 26(c)(1) and D.N.M.LR-Civ 37.1, state the following for his

Motion for Protective Order Staying Discovery Pending the Court's Disposition of Defendant

Chavez's Motion to Dismiss Plaintiff's Verified Amended Complaint for Declaratory, Injunctive

and Monetary Relief and Demand for Jury Trial ("Plaintiff's Complaint") Based on the Application

of Qualified Immunity:[1]

**INTRODUCTION**

This lawsuit arises from the revocation of Plaintiff's Concealed Handgun License ("CHL")

---

[1]    As required by D.N.M.LR-Civ. 7.1(a), defense counsel contacted Plaintiff on June 22, 2026 to determine Plaintiff's position on Defendant Chavez's Motion. On June 22, 2026, Plaintiff advised that he opposes Defendant Chavez's Motion.

by the New Mexico Department of Public Safety ("DPS"). The revocation of Plaintiff's CHL was based on Plaintiff's prior conviction of assault with a deadly weapon. This prior conviction made Plaintiff ineligible to be issued a CHL entirely. Plaintiff appealed the revocation of his CHL. As a result, DPS scheduled and held several administrative hearings. At the time of these events, Defendant Chavez was employed as DPS's Chief Legal Counsel.

According to Plaintiff's Complaint, DPS Defendants–including Defendant Chavez–committed "violations of [Plaintiff's] rights under the Second Amendment, the First Amendment, the Fourteenth Amendment, the Full Faith and Credit Clause, and the Supremacy Clause . . ." *See Plaintiff's Verified Amended Complaint for Declaratory, Injunctive and Monetary Relief and Demand for Jury Trial (filed April 8, 2026) [Doc. No. 28] ("Plaintiff's Complaint") at ¶ 2.* On June 22, 2026, Defendant Chavez filed his Motion to Dismiss Plaintiff's Verified Amended Complaint for Declaratory, Injunctive and Monetary Relief and Demand for Jury Trial *(filed June 22, 2026) [Doc. No. 45] ("Motion to Dismiss")*.

In cases like this, the Federal Rules of Civil Procedure authorize this Court to stay discovery pending a decision on Defendant Chavez's motion. Moreover, the reasoning underlying the doctrine of qualified immunity likewise compels a stay of discovery. Therefore, Defendant Chavez should be spared the burdens of discovery and litigation pending a decision on his dispositive motion.

**LEGAL ARGUMENT**

I.      **THE FEDERAL RULES OF CIVIL PROCEDURE AUTHORIZE THIS COURT TO STAY DISCOVERY, AND THE DOCTRINE OF QUALIFIED IMMUNITY COMPELS A STAY OF DISCOVERY PENDING A DECISION ON DEFENDANT CHAVEZ'S MOTION TO DISMISS PLAINTIFF'S VERIFIED AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL.**

Federal Rules of Civil Procedure 26(b)(2) and (c) empower this Court with the discretion to stay discovery pending its ruling on Defendant Chavez's dispositive motion. See Fed.R.Civ.P. 26(b)(2) and (c). Federal Rule of Civil Procedure 26(b)(2) allows this Court to enter an order limiting discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(i). This Court's power to limit discovery is additionally outlined in Fed.R.Civ.P. 26(c), which provides that upon motion and for good cause shown, this Court may enter an order "forbidding the disclosure or discovery[.]" See Fed.R.Civ.P. 26(c)(1)(A). Moreover, courts and commentators agree that Fed.R.Civ.P. 26(b) and (c) give trial courts the discretion to stay discovery pending the ruling on a motion raising dispositive legal issues. See generally, 4 J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice,* ¶ 26.69 at 26-366-67, ¶ 26.70 26-378 (2nd ed. 1994) (and cases cited therein); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) (stating that a trial court has broad discretion in deciding whether to stay proceedings incident to its power to manage its docket).

In addition, the doctrine of qualified immunity serves to protect defendants from complying with discovery requests that go beyond the scope of their qualified immunity defense. In Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), the United States Supreme Court recognized that "[u]ntil

the threshold [qualified] immunity question is resolved, discovery should not be allowed."[2]  This is because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation."  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  The entitlement conferred by qualified immunity "is an *immunity from suit* rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  Id. (emphasis in the original); see also Workman v. Jordan, 958 F.2d 332, 333 (10th Cir. 1992) ("[W]e reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation").  It is well established that questions of qualified immunity "should be resolved at the earliest possible stage in the litigation."  See Jiron v. City of Lakewood, 392 F.3d 401, 414 (10th Cir. 2004) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).  Thus, "even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government."  Id. (quoting Mitchell, 472 U.S. at 526; see also Martin v. Cnty. of Santa Fe, 626 Fed. Appx. 736, 740 (10th Cir. 2015) ("Because the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery, there is a strong policy justification for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense.").

---

[2]    See also Siegert v. Gilley, 500 U.S. 226, 232 (1991), reh'g. denied, 501 U.S. 1265 (1991) ("[o]ne of the purposes of the immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out law suit."); Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987), cited with approval in Lewis v. City of Ft. Collins, 903 F.2d 752, 758 (10th Cir. 1990) (qualified immunity motions should be resolved prior to discovery).

A stay of all discovery proceedings pending decision on Defendant Chavez's motion should be entered because, not only is it proper, but it is in keeping with the standard policy of this District. See Silversmith v. Martin, No. Civ. 20-566 WJ/GJF, 2021 WL 1200602 at *2 (D.N.M. March 30, 2021) ("The Court is unpersuaded that this case should be excluded from the general rule that, when a defendant files a motion asserted the defense of qualified immunity, he is entitled to a stay of discovery); Taylor v. Haynes Burns, No. CV 13-15 JCH/GBW, 2013 WL 12330003, at *2 (D.N.M. May 2, 2013) ("The Court sees no reason why this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery."); Francomano v. Univ. of N.M. No. Civ. 03-1211 JP/RHS, slip op. at 2 (D.N.M. June 23, 2004) [Doc. No. 24] ("when qualified immunity is raised by way of motion, discovery should be stayed pending the court's determination of the qualified immunity motion."); see also Herrera v. Santa Fe Pub. Sch., No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *1 (D.N.M. Dec. 20, 2012) ("The Court will grant the Motion to Stay, because Romero is entitled to be protected from the burdens of the lawsuit until the Court rules on her qualified immunity defense."); Saenz v. Lovington Mun. Sch. Dist., No. CIV 14-1005 JB/SMV, 2015 WL 1906140, at *11 (D.N.M. Apr. 6, 2015) ("Accordingly, a stay is appropriate, and the Court will not permit Saenz to conduct discovery until after the Court resolves the MTD [regarding qualified immunity]."); Higgins v. Saavedra, No. 1:17-CV-00234-WPL-LF, 2017 WL 1437317, at *1 (D.N.M. Apr. 21, 2017) ("Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised."); Castaneda v. City of Albuquerque, No. CV 14-0103 RB/LAM, 2015 WL 13651109, at *3 (D.N.M. Dec. 23, 2015) ("Defendants are entitled to

a stay while awaiting the Court's decision on the issue of qualified immunity."); Stonecipher v. Valles, No. CV 11-417 BB-GBW, 2012 WL 12899110, at *2 (D.N.M. June 12, 2012) ("Plaintiffs' remaining arguments similarly fail to remove this case from the general rule that, when a defendant files a qualified immunity motion, they are entitled to a stay of discovery.").  Indeed, this District has recognized that in prior cases seeking a stay of discovery pending determination of a qualified immunity motion, "because the law in this area is so clear, a response is unnecessary." Francomano, slip op. at 1 (citing Ransom v. Page, No. Civ. 01-822 RLP/LFG (D.N.M. Sept. 27, 2001)) [Doc. No. 25].

**WHEREFORE**, Defendant Chavez respectfully requests that this Court grant his Motion for Protective Order as follows:

A.      Stay all discovery until the Court rules on Defendant Chavez's Motion to Dismiss Plaintiff's Verified Amended Complaint for Declaratory, Injunctive and Monetary Relief and Demand for Jury Trial (filed June 22, 2026) [Doc. No. 45]; and

B.      Order all other relief this Court deems just and proper.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**

By:      /s/ Luis Robles
         Luis Robles
         Attorney for Defendant
         500 Marquette Ave. NW, Suite 700
         Albuquerque, NM 87102
         (505) 242-2228
         (505) 242-1106 (facsimile)
         luis@roblesrael.com

6

I hereby certify that the foregoing was electronically filed through the CM/ECF on this 22nd day of June 2026, which will cause service to the following:

Kevin Dale Kerst
P.O. Box 144
Whites City, NM 88268
(575) 499-8338
Roadrescue11@gmail.com

*Pro Se Plaintiff*

Jared D. Najjar
Bryan Gogarty
Kimberly L. Martinez
Jessica L. Nixon
Dillon R. Fisher-Ives
Virtue &Najjar
P.O. Box 22249
Santa Fe, New Mexico 87502-2249
(505) 982-8514
jnajjar@virtuelaw.com
bgogarty@virtuelaw.com
kmartinez@virtuelaw.com
jnixon@virtuelaw.com
dfisher-ives@virtuelaw.com

*Attorneys for State Defendants*

Mark D. Jarmie
514 Marble Ave. NW
Albuquerque, NM 87102
(505) 243-6727
mjarmie@jarmielaw.com

*Attorney for Defendant Joan Waters*

 /s/ Luis Robles
Luis Robles