**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KEVIN DALE KERST,

Plaintiff,

v. No. 2:26-cv-0011 MIS/DLM

MICHELLE LUJAN GRISHAM,
RAUL TORREZ, JASON R. BOWIE,
ANGIE CORMIER, JOAN WATERS,
MATTHEW CHAVEZ, HERBERT
STRASSBERG, JENNIFER MORFIN
and JOHN/JANE DOES 1-10,

Defendants.

**ORDER GRANTING IN PART MOTION FOR STAY**

There are three pending motions to dismiss *pro se* Plaintiff's Amended Complaint:

(i) Governor Michelle Lujan Grisham, Attorney General Raul Torrez, New Mexico Department of Public Safety Secretary Jason R. Bowie, Angie Cormier, Herbert Strassberg, Jennifer Morfin and John/Jane Does 1-10's Motion to Dismiss Amended Complaint (Doc. 31);

(ii) Defendant Matthew Chavez' Motion to Dismiss Plaintiff's Verified Amended Complaint for Declaratory, Injunctive and Monetary Relief and Demand for Jury Trial (Doc. 45); and

(iii) Defendant Joan Waters' Motion to Dismiss Plaintiff's Verified Amended Complaint for Declaratory, Injunctive, and Monetary Relief and Demand for Jury Trial (Doc. 50).

Defendant Matthew Chavez also filed a Motion for Protective Order Staying Discovery, which is now before the Court, seeking a stay of all discovery until the Court rules on Defendant

Chavez's Motion to Dismiss based on the application of qualified immunity. (*See* Doc. 46.) Defendant Chavez seeks a stay pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 37.1 but has not attached to his Motion a copy of an interrogatory, request for production or inspection, relevant portion of deposition transcript, or request for admission, and his response or objection thereto as required by D.N.M.LR-Civ. 37.1.

The following day, the undersigned entered an Order finding good cause to delay entry of a scheduling order based on the pending motions to dismiss. (*See* Doc. 47 (stating that the Court will set the case for scheduling once the pending motions are resolved).

Plaintiff opposes Defendant Chavez's motion for a stay of discovery on multiple grounds. No other responses opposing Defendant Chavez's Motion for a stay have been filed. (*See* Doc. 55.) Plaintiff asserts the motion is premature and unnecessary because there currently is no discovery request, the Court has already delayed scheduling, and discovery is presently not available pursuant to Fed. R. Civ. P. 26(d)(1) and D.N.M.LR-Civ. 26.4(a). (*See* Doc. Doc. 48 at 1–2, 5–6 (discussing Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"); D.N.M.LR-Civ. 26.4(a) ("A party may not seek discovery under these rules or the Federal Rules of Civil Procedure as required by Fed. R. Civ. P. 26(f) except by agreement of all parties or by Court order").) Plaintiff also asserts "qualified immunity protects against avoidable burdens, but it does not automatically bar all discovery," "the Court should not treat the immunity defense as automatically justifying the broadest possible case-wide stay" and any stay of discovery should be limited to Defendant Chavez and not apply to discovery directed toward the other Defendants. (*Id.* at 4–5, 11.) Plaintiff also states, among other things, the Court should not resolve the merits of Defendant Chavez's qualified immunity defense. (*See id.* at 5–13.)

The Court stays all discovery in this case until the Court resolves the three pending motions to dismiss pursuant to the Court's inherent power to manage its docket. *See Sec. & Exch. Comm'n v. Mgmt. Sols., Inc.*, 824 F. App'x 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92 (2016)). The Court finds that a stay of discovery is warranted because discovery before the Court rules on the pending motions to dismiss may impose an unnecessary burden and expense on the parties and the Court. Any party may file a motion for limited discovery before the stay expires. This Order does not make any findings of fact or conclusions of law regarding the merits of any party's claims or defenses. The Court thus grants Defendant Chavez's motion for a stay in part pursuant to the Court's inherent power to manage this case and denies Defendant Chavez's motion for a protective order because Defendant Chavez has not complied with Local Rule of Civil Procedure 37.1

**IT IS ORDERED** that Defendant Matthew Chavez's Motion for Protective Order Staying Discovery (Doc. 46) is **GRANTED in part and DENIED in part.**

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE